## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAWN R. WEST** | * |
| 16083 Russell Road | |
| Delmar, Delaware 19940 | * |
| | |
| *and* | * |
| | |
| **STEVEN WEST** | * |
| 16083 Russell Road | |
| Delmar, Delaware 19940 | * |
| | |
|     *Plaintiffs,* | * |
| | |
| v. | * |
| | |
| **ADVANCED RADIOLOGY, P.A.** | * |
| **d/b/a ADVANCED RADIOLGY** | |
| 10461 Mill Run Circle, Suite 1200 | * |
| Owings Mills, Maryland 21117 | |
| SERVE ON:  David I. Safferman, M.D. | * |
|       10461 Mill Run Circle, Suite 1200 | |
|       Owings Mills, Maryland 21117 | * |
| | |
| *and* | * |
| | |
| **JULIAN THAYER SIMMONS, M.D.** | * |
| 10461 Mill Run Circle, Suite 1200 | |
| Owings Mills, Maryland 21117 | * |
| | |
|     *Defendants.* | * |

CASE NO.: _____

**JURY TRIAL REQUESTED**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiffs Dawn R. West and Steven West sue the above-named Advanced Radiology and

Julian Thayer Simmons, M.D. (hereinafter jointly referred to as "Defendants"), stating as follows:

## COUNT I

### (Negligence—Medical Malpractice)

1. Plaintiffs Dawn R. West and Steven West are citizens of and domiciled in

Delaware. To the best of the Plaintiffs' information and belief, Defendants are citizens of and

domiciled in Maryland.  The medical care at issue occurred in Maryland.  Plaintiffs suffered economic and non-economic damages in excess of the sum of $75,000.00, exclusive of interest and costs.  Accordingly, the United States District Court for the District of Maryland has subject matter jurisdiction over this action.  See 28 U.S.C.A. §1332(a)(1); 28 U.S.C.A. §1391(b)(3).

2. This matter was originally filed in the Health Care Alternative Dispute Resolution Office of Maryland.  After filing a Certificate of Qualified Expert (Exhibit 1) and Report of Expert Witness (Exhibit 2) in accordance with the Maryland Healthcare Malpractice Claims Act, MD. CODE ANN., CTS. & JUD. PROC. § 3-2A-01 et seq., the Plaintiffs waived arbitration (Exhibit 3), and an Order of Transfer was executed (Exhibit 4).  Therefore, the Plaintiffs have complied with the mandatory conditions precedent for filing this Claim in this Court.

3. Defendant Advanced Radiology is a business entity organized under the laws of the State of Maryland, providing health care services to the public, and in conjunction with the other Defendant, owed to the Plaintiffs a duty to conform its conduct to prevailing standards of care, by itself, and through its agents, servants and/or employees.

4. Defendant Julian Thayer Simmons, M.D., is a physician licensed to practice medicine in the State of Maryland and provides health care services to individuals in need thereof. As such, Defendant Julian Thayer Simmons, M.D., in conjunction with the other Defendant, owed to the Plaintiffs a duty to conform his conduct to prevailing standards of care, by himself, and through his agents, servants and/or employees.

5. At all times of which the Plaintiffs complain, the Defendants represented to the Plaintiffs and the general public that they possessed the degree of knowledge, ability and skill possessed by reasonably competent health care providers, practicing under the same or similar circumstances as those involving Plaintiff Dawn R. West.

6.     Plaintiffs allege that the Defendants, by themselves and through their agents, servants and employees, owed a duty to exercise that degree of skill, judgment and care expected of reasonably competent health care providers, practicing under the same or similar circumstances, which duty included the performance of timely and appropriate diagnostic tests and procedures to determine the Plaintiff's condition, timely and appropriate diagnosis of such condition, continuous evaluation of the Plaintiff's condition and the effects of such treatment, and timely and appropriate adjustment of the course of treatment in response to such ongoing surveillance and evaluation, all of which the Defendants failed to do.

7.     Defendants were negligent in that they and their agents, servants, and/or employees failed to employ timely and appropriate diagnostic tests and procedures to evaluate and diagnose Plaintiff's condition, failed to employ timely and appropriate treatment, procedures and/or surgery to correct such condition, failed to timely and appropriately monitor and evaluate Plaintiff's condition, failed to timely and appropriately adjust Plaintiff's treatment in response to evaluation of the effects of treatment, and were otherwise negligent.

8.     At all times relevant herein, Defendants Advanced Radiology and Julian Thayer Simmons, M.D., by themselves and through their agents (actual and/or apparent), servants and employees provided the health care at issue in this case to Plaintiff Dawn R. West.  At all times relevant herein, Defendant Julian Thayer Simmons, M.D., acted as an actual and/or apparent agent, servant and/or employee of Defendant Advanced Radiology.  At all times pertinent herein, said individual Defendant acted within the scope of said employment and/or agency relationships.

9.     This medical malpractice case arises out of the Defendants' negligent failure to timely and appropriately identify Plaintiff Dawn R. West's parotid gland cancer.  The standard of care required Defendant Julian Thayer Simmons, M.D., to identify and report a suspicious mass

in Mrs. West's right parotid gland on her July 16, 2020, MRI.  In addition, the standard of care required Dr. Julian Thayer Simmons to recommend follow-up studies and evaluation of the mass. As a result of the Defendants' negligence, there was a significant delay in the diagnosis and treatment of Mrs. West's parotid gland cancer which caused her to suffer severe and permanent injury, including loss of hearing.  The negligence of the Defendants allowed Mrs. West's parotid gland cancer to progress, grow and spread to the point of causing injury and becoming incurable cancer.  Had the Defendants complied with the standard of care, Mrs. West's parotid gland cancer would have been timely detected, diagnosed and treated without injury and at a time when it was curable.

10.     On July 16, 2020, an MRI was performed to evaluate the temporomandibular joints of Plaintiff Dawn R. West.  Mrs. West had a history of thyroid cancer and had been experiencing right-sided pain and swelling for several years.  The MRI was interpreted and reported by Julian Thayer Simmons, M.D.  Dr. Julian Thayer Simmons interpreted the MRI to be essentially normal.

11.     Eventually, Mrs. West was seen by subsequent treating providers who performed a diagnostic work up to evaluate her swollen and tender right preauricular lump and abnormal and suspicious lymph nodes.  The diagnostic work up included an MRI, biopsy and PET scan.  In May 2022, Mrs. West had an MRI which showed a mass located in the parotid gland with extensive, abnormally enlarged lymph nodes.  It was determined that the MRI findings likely represented primary parotid gland cancer.  In June 2022, Mrs. West had a biopsy which revealed the histological type of her parotid gland cancer – adenoid cystic carcinoma.  In August 2022, Mrs. West had a PET scan which showed a solid mass (i.e., cancer) in the right superficial lobe of the parotid gland.  The PET scan also showed that there was perineural spread of the cancer (i.e.,

cancer spread to nerve) involving the right facial nerve. Additionally, the PET scan showed upper neck metastatic adenopathy (i.e., cancer spread to lymph nodes).

12. On August 30, 2022, Mrs. West underwent extensive surgery which involved a right-sided parotidectomy (i.e., removal of right-sided parotid gland), decompression of the right facial nerve and right-sided neck dissection. The operative findings included a large cancer of the right parotid gland with extensive involvement of the facial nerve. The surgical pathological findings included a malignant tumor measuring 2.5 cm, perineural invasion involving the right facial nerve (i.e., cancer spread to facial nerve) and lymphovascular invasion (i.e., cancer spread to lymphatic vessels/blood vessels).

13. Following surgery, Mrs. West underwent radiation therapy.

14. As a result of the Defendants' negligence, there was a significant delay in the diagnosis and treatment of Mrs. West's parotid gland cancer which caused her to suffer severe and permanent injury, including loss of hearing. The negligence of the Defendants allowed Mrs. West's parotid gland cancer to progress, grow and spread to the point of causing injury and becoming incurable cancer. Had the Defendants complied with the standard of care, Mrs. West's parotid gland cancer would have been timely detected, diagnosed and treated without injury and at a time when it was curable.

15. Defendants Advanced Radiology and Julian Thayer Simmons, M.D., by themselves and through their agents, servants and/or employees, breached the standard of care by, inter alia, negligently, and carelessly:

    (a) failing to timely and appropriately appreciate the seriousness of Mrs. West's life-threatening condition;

    (b) failing to timely and appropriately evaluate and assess Mrs. West's life-threatening condition;

    (c) failing to timely and appropriately appreciate and assess Mrs. West's history of thyroid cancer;

(d) failing to timely and appropriately have a high clinical suspicion for parotid gland cancer;

(e) Failing to properly interpret and report the July 16, 2020, MRI;

(f) failing to identify an abnormal/suspicious mass in the right parotid gland on the July 16, 2020, MRI;

(g) failing to report an abnormal/suspicious mass in the right parotid gland on the July 16, 2020, MRI;

(h) failing to timely and appropriately recommend follow-up studies and evaluation of an abnormal/suspicious mass in the right parotid gland on the July 16, 2020, MRI;

(i) failing to timely and appropriately refer Mrs. West for diagnosis and treatment of an abnormal/suspicious mass in the right parotid gland on the July 16, 2020, MRI;

(j) failing to otherwise comply with the standard of care.

16. As a proximate result of the Defendants' negligence, Mrs. West's parotid gland cancer was allowed to progress, grow and spread to the point of causing injury and becoming incurable cancer. Had the Defendants complied with the standard of care, Mrs. West's parotid gland cancer would have been timely detected, diagnosed and treated without injury and at a time when it was curable.

17. As a direct and proximate result of the Defendants' negligence, Plaintiffs have in the past and will in the future sustain severe and irreversible injury, including, but not limited to, mental anguish, emotional pain and suffering and other non-economic damages for which claim is made. In addition, Plaintiffs have in the past and will in the future suffer economic harm as a result of the Defendants' negligence including, but not limited to, medical expenses, future care costs, lost wages, future lost earnings, diminished earning capacity, loss of services and other economic damages recoverable by law.

18. Plaintiffs allege that the negligence of the Defendants is a proximate cause of Mrs. West's serious and irreversible injuries, permanent damages, disability, and economic and non-economic damages.

19.     Plaintiffs were not contributorily negligent, nor did they voluntarily assume any known risk.

20.     Venue is claimed in the United States District Court for the District of Maryland.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of $75,000.00.

## COUNT II
### (Loss of Consortium)

21.     The Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 – 20 as stated above.

22.     At all times relevant Plaintiffs Dawn R. West and Steven West were, and still are, husband and wife.

23.     As a result of the Defendants' negligence the Plaintiffs have suffered severe and irreparable harm to their marital unit, including but not limited to, severe emotional distress and loss of services, including care, assistance, affection and consortium.  Accordingly, the Plaintiffs seek all damages recoverable under Maryland law for loss of consortium.

24.     Venue is claimed in the United States District Court for the District of Maryland.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in an amount in excess of $75,000.00.

Respectfully submitted,


 /s/ Thomas C. Cardaro
Thomas C. Cardaro (#04972)
Jeffrey L. Peek (#09121)
C. Drew Fritch (#28775)
John J. Sellinger (#05236)
*Cardaro & Peek, L.L.C.*
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
Phone: (410) 752-6166
fax: (410) 752-6013
tcc@cardarolaw.com
jlp@cardarolaw.com
cdf@cardarolaw.com
jjs@cardarolaw.com
*Attorneys for Plaintiffs*


## JURY TRIAL REQUEST


Plaintiffs hereby request a jury trial.


 /s/ Thomas C. Cardaro
Thomas C. Cardaro