## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**DAWN R. WEST, *et al.*,**                                       \*

    **Plaintiffs,**                                  \*

    **v.**                                          \*               **Civ. No. JKB-24-00333**

**KAREN T. PITMAN, *et al.*,**                                    \*

    **Defendants.**                                  \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM

Plaintiffs Dawn and Steven West have brought this medical malpractice action against a variety of healthcare providers. This case has become somewhat complicated, in part due to the inherent complexity of the underlying dispute, and in part because of the actions of Plaintiffs' counsel. This Memorandum will resolve pending issues and get this case back on track toward a just and efficient resolution.

First, the Court will resolve the two motions pending before the Court requesting that the testimony of certain of Plaintiffs' putative expert witnesses be excluded for failure to comply with discovery rules. The Court will deny the motions without prejudice, but give Defendants an opportunity to move for lesser sanctions, and give Plaintiffs a final opportunity to make the required disclosures.

Second, the Court will consolidate an action filed on January 29, 2025, by Plaintiffs against two third-party Defendants, with the above-captioned case being the lead case.

Third, the Court will deny the parties' request for a status conference. Instead, the parties will be directed to meet and confer amongst themselves and submit to the Court a joint proposed revised schedule for further proceedings in this case.

**I.     Background**

The Court will provide only a brief synopsis of the factual and procedural history of this case, as necessary to resolve the pending issues before the Court. The Court will assume the veracity of Plaintiffs' well-pleaded allegations for the purpose of setting out the background of the case.

Plaintiffs are a married couple from Delaware. (ECF No. 1 ¶¶ 1, 50.)[1]  From 2018 through 2021, Mrs. West saw various medical providers for facial swelling and pain. (*Id.* ¶ 14.) Although she had a history of thyroid cancer and presented with several concerning symptoms, none of the providers referred her for oncological testing. (*Id.*) Eventually, in 2022, Mrs. West was diagnosed with metastatic parotid gland cancer. (*Id.* ¶ 32.) She subsequently underwent surgery and radiation therapy. (*Id.* ¶¶ 34–35.) Mrs. West has suffered "severe and permanent injury," including loss of hearing, and the cancer is now incurable. (*Id.* ¶¶ 14, 35.) Had the providers complied with the applicable standard of care, Plaintiffs allege, Mrs. West's cancer would have been timely treated and cured. (*Id.* ¶ 37.)

Plaintiffs filed this action in February 2024 after allegedly exhausting state administrative remedies, bringing claims for: negligence (Count I (*id.* ¶¶ 1–40)); failure to obtain informed consent (Count II (*id.* ¶¶ 41 – 48)); and loss of consortium (Count III (*id.* ¶¶ 49 – 51)). Plaintiffs sued three individuals—Robert M. Grill, D.D.S.; Daniel J. Kelley, M.D.; and Karen T. Pitman, M.D.—and four medical practices—Eastern Shore ENT & Allergy Associates, P.A. ("Eastern Shore"); Greater Baltimore Medical Center, Inc., d/b/a/ GBMC Health Partners Head & Neck Surgery ("GBMC"); The Johns Hopkins University ("JHU"); and TMJ/Facial Pain Center LLC ("TMJ"). Plaintiffs invoked the Court's diversity jurisdiction, as they are citizens of Delaware and

---

[1] Unless otherwise noted, all citations to the record refer to the electronic docket for Civ. No. 24-00333.

all Defendants are citizens of either Maryland or Virginia, and the amount in controversy exceeds $75,000. (*Id.* ¶ 1 (citing 28 U.S.C. § 1332(a)(1).)

All Defendants filed Answers, and the case has proceeded to discovery. (*See* ECF No. 26 (Scheduling Order); ECF No. 31 (revised Scheduling Order).) In September 2024, Dr. Grill and TMJ filed a third-party complaint against Advanced Radiology, P.A. ("Advanced Radiology") and Julian Thayer Simmons, M.D., alleging that, if Dr. Grill and TMJ are found liable, then Advanced Radiology and Dr. Simmons are liable to them for indemnification and/or contribution.[2] (ECF No. 36.)

Two Motions to Preclude Testimony are pending before the Court. First, Defendants JHU, Dr. Pitman, and GMBC have filed a "Motion to Preclude the Testimony of Plaintiffs' Damages Experts." (ECF No. 44.) Second, Defendants Dr. Grill and TMJ have filed a "Motion for Status Conference and to Join Co-Defendants' Motion to Preclude Testimony and Opinions of Plaintiff[s'] Damages Experts." (ECF No. 49.) These motions request that the Court sanction Plaintiffs for their failure to provide expert witness reports as required by Federal Rule of Civil Procedure 26(a)(2)(B) by the August 26, 2024, deadline set in the Court's revised Scheduling Order (ECF No. 31). Both Motions are fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023).

In addition, on January 29, 2025, Plaintiffs filed an action against third-party Defendants Advanced Radiology and Dr. Simmons. *West v. Advanced Radiology, P.A..*, Civ. No. 25-00292. The Court will order the consolidation of Civ. No. 25-00292 with the above-captioned case, and

---

[2] Because the Court has original diversity jurisdiction over Plaintiffs' claims, the Court has supplemental jurisdiction over Dr. Grill and TMJ's third-party claims against Advanced Radiology and Dr. Simmons, notwithstanding that the parties are non-diverse as to each other. *See* 28 U.S. § 1367(a); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1444 (4d ed. 2024). Moreover, there are no reasons at this time to decline to exercise supplemental jurisdiction under § 1367(c).

3

direct the parties to confer and propose an updated schedule.

## II.   Motions to Preclude Testimony

The Court's revised Scheduling Order required Plaintiffs to provide written disclosures of damages experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by August 26, 2024. (ECF No. 31.)  It is uncontested that Plaintiffs failed to provide such disclosures for three putative damages experts— Nancy J. Bond, CLCP, CCM; Thomas C. Borzilleri, PhD; and James Sullivan, M.Ed., CRC, CVE, OWCP.  (*See* ECF No. 44 at 3; ECF No. 45 at 2–3 (Plaintiffs conceding that they "did not produce reports").)  Plaintiffs state that they no longer intend to call Mr. Sullivan as a witness (ECF No. 45 at 3 n.1), but do not explain why expert reports for Ms. Bond and Dr. Borzilleri have not been produced to date, even though it is now over five months after the deadline.

Rule 37(c)(1) provides that:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c)(1).

In response to Defendant's Motion, Plaintiffs do not deny that they failed to make timely Rule 26(a) disclosures, nor do they argue that the failure to do so was substantially justified or harmless.  Indeed, they do not address—or even cite to—Rule 37 at all.  Instead, their opposition briefing recounts how on September 26, 2024, Dr. Grill and TMJ impleaded certain third parties, who subsequently filed answers.  (ECF No. 45 at 3.)  The relevance of this apparent non-sequitur

4

is left unexplained, beyond an assertion that Plaintiffs "may [need to] determine whether new or different evidence may be necessary to prove their case." (*Id.* at 4.) Even assuming that the addition of third parties would justify a delay in the disclosure of expert reports (an assumption the Court finds doubtful), the filing of the third-party complaint came a month *after* the August 26, 2024, deadline for Plaintiffs' Rule 26(a)(2) disclosures. (*See* ECF No. 31.) In other words, Plaintiffs were already a month delinquent in their disclosures at the time of the addition of third parties. Plaintiffs never moved for an extension of the deadline, and to this day have apparently not provided the required disclosures.

Plaintiffs, as the party opposing the imposition of the Rule 37(c)(1) sanction, have the burden of showing that nondisclosure was harmless or substantially justified. *Sanchez Carrera v. EMD Sales, Inc.*, 402 F. Supp. 3d 128, 138 (D. Md. 2019) (citing *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). Plaintiffs have not met—or even, it would appear, attempted to meet—this burden.

Under such circumstances, the Court agrees that sanctions are likely warranted. Plaintiffs' counsel's failure to abide by discovery deadlines, coupled with their refusal or inability to explain such failure, is confounding. Nevertheless, because the Court endeavors to resolve cases on the merits where possible, it is disinclined—at least at this juncture—to adopt the drastic sanction of exclusion of Plaintiffs' putative experts. *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 504 (D. Md. 1997) (describing exclusion as "traditionally . . . considered a severe sanction, appropriate only for willful and substantial abuse of the discovery process."); *Sherrod v. McHugh*, 334 F. Supp. 3d 219, 269 (D.D.C. 2018) ("A Rule 37(c)(1) exclusion . . . is an extreme sanction that should be used sparingly." (internal quotation marks and citation omitted)); 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2289.1 (3d ed. 2024) (explaining that the Court may, on

5

motion, impose a lesser sanction instead of exclusion).[3]

Accordingly, the Court will deny, for now, the request to exclude Plaintiffs' expert witnesses. Instead, the Court will give Defendants the opportunity to move for the lesser sanction of the payment of the opposing parties' reasonable expenses, including attorney's fees, incurred as a result of Plaintiffs' noncompliance. *See* Fed. R. Civ. P. 37(c)(1)(A). The Court will also give Plaintiffs a final opportunity to make the required Rule 26(a) reports or file a disclaimer of their intention to call the witnesses to testify at trial. Plaintiffs are forewarned, however, that if they do not make an appropriate filing within the deadline set by the Court, then the Court anticipates that the testimony of Ms. Bond, Dr. Borzilleri, and Mr. Sullivan will be excluded, without any further notice from the Court or opportunity to be heard on the matter.

## III.    Consolidation of Cases

On January 29, 2025, Plaintiffs filed a separate action in this District against third-party

---

[3] The Court is aware that there is language from the Fourth Circuit that could be read to suggest that exclusion is mandatory when Rule 26(a) disclosures have not been made. However, none of those cases discuss the second sentence of Rule 37(c) stating that the Court may, on motion, consider alternative sanctions "instead of" exclusion. Further, the cases are distinguishable on their facts. For instance, in *Bresler v. Wilmington Trust Company*, the Fourth Circuit stated that a party who fails to comply with the expert witness disclosure rules is prohibited from "'us[ing] that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.'"  855 F.3d 178, 190 (4th Cir. 2017) (quoting Fed. R. Civ. P. 37(c)(1) (alterations in original)). However, in that case, the court held that, because the noncompliance with Rule 26(a) was harmless, the district court did not abuse its discretion in declining to exclude a plaintiff's expert. *See id.* at 190–93 ("[W]e conclude that the district court did not abuse its discretion in admitting Pugh's testimony, because the plaintiffs' noncompliance with Rule 26 was harmless in the context of the events that transpired."). The Court does not read the opinion to suggest that the Court *must* impose the sanction of exclusion when the failure was *not* harmless. Similarly, the Court declines to read the Fourth Circuit's opinion in *Southern States Rack and Fixture Inc. v. Sherwin-Williams Co.* as imposing an ironclad rule that the district court must always exclude witnesses for whom Rule 26(a) disclosures were not made.  318 F.3d 592 (4th Cir. 2003).  Although that opinion makes reference to the "'automatic sanction' of exclusion," *id.* at n.2 (quoting Fed. R. Civ. P. 37(c) advisory committee note (1993)), and although there is dicta that could be read to suggest that exclusion is always mandatory, the holding of the opinion was simply that the district court did not abuse its discretion in excluding evidence upon a finding that the plaintiff's failure was not harmless or substantially justified, *id.* at 599.

Defendants Advanced Radiology and Dr. Simmons. *West v. Advanced Radiology, P.A.*, Civ. No. 25-00292. That case has been assigned to the undersigned. The Complaint in this latter-filed case relates to the same series of events which allegedly gave rise to Plaintiffs' claims in the instant case. (*See generally* Civ. No. 25-00292, ECF No. 1.) In the civil cover sheet to the Complaint, Plaintiffs indicated that this action was related to the above captioned case, Civ. No. 24-00333. (Civ. No. 25-00292, ECF No. 1-1.)

Under Rule 42(a), the Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate lies within the discretion of the district court. *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018). In the exercise of that discretion, the Court considers

> whether the specific risks of prejudice and possible confusion from consolidation were overborne by the risk of inconsistent adjudications, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (cleaned up). The Court may order consolidation *sua sponte*. *Plimpton v. Cooper*, 141 F. Supp. 2d 573, 575 (W.D.N.C. 2001).

Upon consideration of these factors, the Court concludes that consolidation is warranted, as the factual allegations and parties substantially overlap, separate proceedings would be inefficient and possibly inequitable, and the Court can discern little to no risk of confusion or prejudice from consolidation. As the earlier-filed action, Civ. No. 24-00333 shall be the lead case. *See CX Reinsurance Co. v. Johnson*, Civ. No. GJH-18-2355, 2019 WL 1861346, at *2 (D. Md. Apr. 25, 2019) ("Under this Court's protocols, the lead case will be the first of the consolidated cases filed.").[4]

---

[4] The Court pauses to observe that instead of filing an entirely separate action—which introduces needless complexity and imposes certain costs both on judicial resources and the resources of defendants—counsel

**IV.    Scheduling Matters and Request for Status Conference**

Finally, the Court turns to the requests for a status conference to address the need for revising the schedule. The Court agrees that the schedule will need adjustments, both in light of the addition of third parties, and because of the delays associated with Plaintiffs' counsel's failures to abide by the deadline previously set by the Court.

It is the Court's expectation that experienced counsel be able to resolve scheduling matters in a collaborative manner, without the need for Court intervention. Accordingly, the Court will direct the parties to meet and confer, and to submit a joint proposed revised schedule.

**V.    Conclusion**

For the foregoing reasons, the Court will deny the Motions to Preclude Testimony without prejudice. (ECF Nos. 44, 49.) The Court will give Defendants an opportunity to move for the imposition of alternative sanctions, and will give Plaintiffs a final opportunity to produce their Rule 26(a) reports. The Court will consolidate Civ. No. 25-00292 with the above-captioned case, which will be designated as the lead case. Finally, the Court will order the parties to meet and confer and propose a revised schedule for further proceedings in this case. A separate Order will issue.

DATED this **6** day of February, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

---

for Plaintiffs should have simply moved for leave to amend their Complaint in this action to add claims against the third-party Defendants.

8